```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **v.**                              **Crim. Action No.: 2:21-CR-39**
                                                        **(Judge Kleeh)**

**MATTHEW SCOTT MAYLE,**

        **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 37], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

On January 6, 2022, the Defendant, Matthew Scott Mayle ("Mayle"), appeared before United States Magistrate Judge Michael J. Aloi and moved for permission to enter a plea of **GUILTY** to Count Three of the Indictment, charging him with Distribution of Fifty Grams or More of Methamphetamine, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Mayle stated that he understood that the magistrate judge is not a United States District Judge, and Mayle consented to pleading before the magistrate judge. This Court referred Mayle's plea of guilty to the magistrate judge for the purpose of administering the allocution, pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

USA v. MAYLE                                                    2:21-CR-39

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 37], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING

Based upon Mayle's statements during the plea hearing, and the Government's proffer establishing that an independent factual basis for the plea existed, the magistrate judge found that Mayle was competent to enter a plea, that the plea was freely and voluntarily given, that Mayle was aware of the nature of the charges against him and the consequences of his plea, and that a factual basis existed for the tendered plea. The magistrate judge issued a *Report and Recommendation Concerning Plea of Guilty in Felony Case* ("R&R") [ECF No. 37] finding a factual basis for the plea and recommending that this Court accept Mayle's plea of guilty to Count Three of the Indictment.

The magistrate judge **released** Defendant on the terms of the Order Setting Conditions of Release. [ECF No. 18].

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R. He further advised that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the R&R. Neither Mayle nor the Government filed objections to the R&R.

Accordingly, this Court **ADOPTS** the magistrate judge's R&R [ECF No. 37], provisionally **ACCEPTS** Mayle's guilty plea, and

**USA v. MAYLE** 2:21-CR-39

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 37], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

**ADJUDGES** him **GUILTY** of the crime charged in Count Three of the Indictment.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea agreement until it has received and reviewed the presentence investigation report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** the following:

1. The Probation Officer shall undertake a presentence investigation of Mayle, and prepare a presentence investigation report for the Court;

2. The Government and Mayle shall each provide their narrative descriptions of the offense to the Probation Officer by **February 7, 2022**;

3. The presentence investigation report shall be disclosed to Mayle, his counsel, and the Government on or before **March 24, 2022**; however, the Probation Officer shall not disclose any sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4. Counsel may file written objections to the presentence investigation report on or before **April 7, 2022**;

**USA v. MAYLE**                                                         **2:21-CR-39**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 37], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

5.  The Office of Probation shall submit the presentence investigation report with addendum to the Court on or before **April 21, 2022**; and

6.  Counsel may file any written sentencing memorandum or statements and motions for departure from the Sentencing Guidelines, including the factual basis for the same, on or before **May 5, 2022**.

The Court further **ORDERS** that prior to sentencing, counsel for Defendant shall review with him the revised Standard Probation and Supervised Release Conditions adopted by this Court on November 29, 2016, pursuant to the standing order entered by Chief Judge Groh, In Re: Revised Standard Probation and Supervised Release Conditions, 3:16-MC-56.

The Court will conduct the **Sentencing Hearing** for Mayle on **May 26, 2022**, at **10:30 a.m.**, at the **Elkins, West Virginia**, point of holding court. If counsel anticipates having multiple witnesses or an otherwise lengthy sentencing hearing, please notify the Judge's chamber staff so that an adequate amount of time can be scheduled.

It is so **ORDERED**.

**USA v. MAYLE** 2:21-CR-39

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 37], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: February 1, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE